UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA NAGLE, | ) |
|     PLAINTIFF, | ) No. 15-cv-6073 |
| v. | ) Judge Thomas M. Durkin |
| THE HARTFORD LIFE AND ACCIDENT INSURANCE CO., | ) |
|     DEFENDANT. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Hartford Life and Accident Insurance Company's Rule 12(b)(3) motion to dismiss or transfer venue. R. 23. For the following reasons, the motion is denied.

**Venue**

Venue is proper for ERISA claims "brought in a district court of the United States . . . in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). If a case is filed in a district lacking venue, the district court "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district . . . in which it could have been brought." 28 U.S.C. § 1406. The parties agree that the ERISA plan at issue was administered and is alleged to have been breached in the Western District of Wisconsin, where the Plaintiff resides and where she was treated for her alleged disability. The parties also agree that despite a regional sales office located within this district, Hartford is not subject to the general jurisdiction of this Court. The

1

narrow question with which this Court is presented, therefore, is whether Plaintiff's claims "aris[e] out of or relat[e] to [Hartford's] contacts with the forum . . . such that [Hartford] should reasonably anticipate being haled into court [here]." *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009) (internal quotation marks and citations omitted).

To decide whether specific personal jurisdiction may be exercised, a district court must engage in a three-step inquiry:

> (1) identify the contacts the defendant has with the forum; (2) analyze whether these contacts meet constitutional minimums and whether exercising jurisdiction on the basis of these minimum contacts sufficiently comports with fairness and justice; (3) determine whether sufficient minimum contacts, if any, arise out of or are related to the causes of action involved in the suit.

*Id.* (citation omitted). The Seventh Circuit has held that for specific jurisdiction over a defendant to exist, "the action must *directly arise* out of the specific contacts between the defendant and the forum state." *Id.* at 1024 (quoting authority) (emphasis in original).

The facts pertinent to the Court's specific jurisdiction inquiry are as follows. Defendant has a regional sales office in Chicago that markets and sells insurance policies within Hartford's Central Region, which includes Illinois, Iowa, Wisconsin and Indiana. R. 22 ¶ 14. It was from this Chicago office that the disability insurance policy on which Plaintiff's claim is based was "negotiated, structured, offered, underwr[itten], and sold." *Id.* ¶ 9. Under the terms of Plaintiff's disability policy, Defendant is the claim review fiduciary, the insurer, and the party responsible for paying long term disability benefits. *Id.* ¶ 13. Plaintiff alleges that in reserving to

2

Hartford the discretion to determine benefits eligibility, the policy violates § 2001.3 of the Illinois Insurance Code, which prohibits a health carrier from "offer[ing]" a policy in Illinois "purporting to reserve discretion to the health carrier to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of [Illinois]." *Id.* ¶¶ 22-23; 50 Ill. Adm. Code § 2001.3. Moreover, Plaintiff alleges that "[d]ue to its dual role as decision-maker of benefit claims and payer of benefits, Hartford suffers from a structural conflict of interest that infected and biased its decision to terminate benefits." *Id.* ¶ 13.

The policy was delivered to Plaintiff's employer (the plan Sponsor), Marshfield Clinic, which is located in Eau Claire, Wisconsin, where Plaintiff resides. *Id.* ¶ 12. Defendant's account with Marshfield Clinic is managed and maintained by Hartford's Chicago sales office. *Id.* ¶ 15. The policy itself instructs policy-holders to direct questions or complaints about coverage to Hartford's Chicago sales office, *id.* ¶ 16, though Plaintiff does not allege actually having done so.

There is no other alleged contact between Plaintiff's ERISA claim and this district beyond the presence of the parties' attorneys. As previously mentioned, the plan was sponsored by Plaintiff's Wisconsin employer. Plaintiff was treated and diagnosed in Minnesota and Wisconsin. She applied for and received benefits in Wisconsin. Private claim investigators observed Plaintiff at her home in Wisconsin and around her community. None of the Hartford claim reviewers, nurse case managers, or consulting physicians on Plaintiff's file are alleged to have worked in

3

or made any determinations relevant to this case from the Northern District of Illinois. At the time Hartford terminated Plaintiff's benefits, she was living in Wisconsin. Plaintiff appealed the denial of her benefits in Wisconsin to Hartford offices in Connecticut and Kentucky.

The question, then, is whether the sale of the operative policy from an office in Chicago is sufficient to establish specific jurisdiction over Plaintiff's ERISA claims. Defendant argues that because Plaintiff's injury does not arise from the sale of the policy, but rather from its alleged breach, specific jurisdiction does not exist in the Northern District of Illinois. R. 10 at 5 ("Nagle's ERISA claim . . . arises from activity related to the termination of her benefits under the Plan, and not from the sale of the Group Policy."). If that were what the complaint alleged, venue would be improper here. But Defendant misunderstands Plaintiff's claim. Plaintiff alleges that Defendant breached the policy by reversing its original eligibility determination because of the conflict-of-interest created by the allegedly unlawful delegation of review authority in the contract. More simply, Plaintiff argues that the conflict-ridden terms of the contract itself led to the breach. There is no dispute that the contract was drafted, negotiated, offered, and sold in Chicago. Accordingly, the Court finds that at least a portion of Plaintiff's claim *directly arises* out of the specific contacts between Defendant and this district. Venue, therefore, is proper here.

**Transfer**

Even if a case is properly venued, it may nevertheless be transferred to another district "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The statute permits a "flexible and individualized analysis," *id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)), recognizing that "weighing [ ] factors for and against transfer necessarily involves a large degree of subtlety and latitude," *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir. 1986). As the party seeking transfer, Defendants bear "the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Valtech, LLC v. 18th Ave. Toys Ltd.*, No. 14-cv-134, 2015 WL 603854, at *5 (N.D. Ill. Feb. 12, 2015) (citing *Coffey*, 796 F.2d at 219-20).

A.  Convenience

With respect to the convenience evaluation, courts generally consider (1) the plaintiff's choice of forum, (2) the availability of and access to witnesses, (3) each party's access to and distance from resources in each forum, (4) the location of material events, and (5) the relative ease of access to sources of proof. *See Research Automation*, 626 F.3d at 978; *see also Allstate Ins. Co. v. Regions Bank*, No. 13-cv-5140, 2014 WL 440253, at *3 (N.D. Ill. Feb. 4, 2014).

5

Every convenience factor weighs neutrally or in favor of venue in this district. Plaintiff's choice of forum is entitled to substantial weight. *See Cent. States, Se. & Sw. Areas Pension Fund v. Salasnek Fisheries, Inc.*, 977 F. Supp. 888, 890 (N.D. Ill. 1997) (noting that "since ERISA was designed to protect the financial integrity of employee benefit plans by allowing [plaintiffs] to choose their forum to minimize costs, [the plaintiff's] choice of forum is entitled to especially great weight") (internal quotation marks and citations omitted). Accordingly, the Court weighs this factor in favor of venue here. As for availability and access to witnesses,[1] Plaintiff represents that the only witnesses likely to be called to appear in this case are the individuals at Hartford's Chicago office who marketed, negotiated and sold the policy at issue. R. 27 at 9. Because all of these individuals work within blocks of the federal courthouse, this factor, too, weighs in favor of venue in the Northern District of Illinois. Moreover, the parties are hard-pressed to argue any difficulty accessing this Court. Defendant's regional sales office, as noted, is located blocks from the courthouse, attorneys for both parties practice here in Chicago's business district, and Plaintiff represents that it would be significantly more convenient for her to attend hearings here in Chicago where she has family support and free lodging,[2] R. 27 at 11. Again, this factor weighs in favor of venue here.

---

[1] As discussed below, it is entirely possible this case will be decided entirely on the administrative record, and that depositions of witnesses will be unnecessary.

[2] While Plaintiff is certainly welcome to attend court, it is unlikely her presence will ever be required, except perhaps for a settlement conference.

The final factors, the location of the material events and the relative ease of access to evidence, both weigh neutrally. Defendants concede that "[t]his ERISA case will be decided by the Court under the arbitrary and capricious standard based solely on the administrative record." R. 24 at 17. Where Plaintiff was treated, where she received her benefits, and where she exhausted her administrative remedies, therefore, will play no role in this (or any) Court's ease of review. After all, the record is static and it is equally available in any forum. On balance, then, the convenience factors weigh in favor of venue in this Court.

B.  Interests of Justice

The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. *Research Automation*, 626 F.3d at 978 (citing *Van Dusen v. Barrack,* 376 U.S. 612, 626-27 (1964)). For this element, courts look to factors including (1) docket congestion and likely speed to trial, (2) each court's relative familiarity with the relevant law, and (3) the respective desirability of resolving controversies in each locale. *See id*. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id*.

All three "interest of justice" factors are neutral in this case. While the parties cite different statistics regarding the relative backlog and caseloads of this district and the Western District of Wisconsin, R. 24 at 15 ("Court dockets in Wisconsin are less congested than in the Northern District of Illinois."), R. 27 at 13 ("There is a greater risk of this case being set aside in the Western District of

Wisconsin than in this District because of the heavier criminal case load there."), the Court believes that the case would be expeditiously decided in either forum. Moreover, despite arguments in their briefing to the contrary, both parties conceded in open court that either forum is adequately-suited to decide issues of federal and Illinois insurance law. Finally, both parties advance compelling arguments regarding the interest of their preferred forum in adjudicating this matter. Defendant argues that "[w]hether Illinois' Insurance Director possesses the authority to regulate the terms of an ERISA governed Group Policy delivered in Wisconsin to a Wisconsin employer, providing coverage to Wisconsin citizens, presents an issue of law appropriately decided by a district court in the Western District of Wisconsin." R. 33 at 8. Plaintiff, on the other hand, argues that "Illinois has a greater interest in deciding how 50 Ill. Adm. Code § 2001.3 applies to insurers placing Regional Sales Offices in this District." R. 27 at 14. Accordingly, the Court weighs this factor neutrally. Having decided this is the more convenient forum on balance, Defendant's motion to transfer venue is denied.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss or transfer venue, R. 23, is denied. The case will remain in the Northern District of Illinois. Discovery remains open in this matter until January 29, 2016. A status hearing is set for January 27, 2016 at 9:00 a.m.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: December 21, 2015